651 N.W.2d 798 (2002)
252 Mich. App. 269
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Richard A. KIMBLE, Defendant-Appellant.
Docket No. 227212.
Court of Appeals of Michigan.
Submitted January 9, 2002, at Detroit.
Decided July 19, 2002, at 9:05 a.m.
Released for Publication October 6, 2002.
*800 Jennifer M. Granholm, Attorney General, Thomas L. Casey, Solicitor General, Michael E. Duggan, Prosecuting Attorney, Timothy A. Baughman, Chief of Research, Training, and Appeals, and Janet A. Napp, Assistant Prosecuting Attorney, for the people.
Craig A. Daly, P.C. (by Craig A. Daly), Detroit, for the defendant on appeal.
Before: COOPER, P.J., and GRIFFIN and SAAD, JJ.
*799 SAAD, J.
Defendant appeals as of right from his bench trial conviction of second-degree murder, M.C.L. § 750.317, and possession of a firearm during the commission of a felony, M.C.L. § 750.227b. The trial court sentenced defendant to consecutive prison terms of thirty to seventy years for the second-degree murder conviction and two years for the felony-firearm conviction. We affirm defendant's convictions, but remand for resentencing.
In this disturbing case, defendant shot and killed twenty-three-year-old Monique Trotty in an effort to steal the wheel rims from her fiancé's car. Defendant argues that the trial court erred in denying his motion to suppress evidence of his confession to the police. We disagree.
In deciding whether a defendant validly waived the right against self-incrimination, we review the entire record de novo to determine whether the trial court properly admitted a confession. People v. Daoud, 462 Mich. 621, 629, 614 N.W.2d 152 (2000). "Because this Court gives ample deference to the trial court, it will not reverse the trial court's findings unless they are clearly erroneous." People v. Snider, 239 Mich.App. 393, 417, 608 N.W.2d 502 (2000). A finding is clearly erroneous if this Court is left with a definite *801 and firm conviction that the trial court made a mistake. People v. Manning, 243 Mich.App. 615, 620, 624 N.W.2d 746 (2000).
Defendant claims that the trial court erred in failing to suppress his statement because he testified at his Walker[1] hearing that the police questioned him after he requested an attorney and despite his initial refusal to give a statement. At the hearing, Officer Michelle Jones testified that she took defendant's statement after she read defendant his Miranda[2] rights and after defendant signed an advice of rights form stating that he understood his rights and wished to make a statement. In addition to Officer Jones' written account of defendant's version of the events, defendant added additional information to the statement in his own handwriting.
Defendant testified at the Walker hearing that he "lied" when he signed the advice of rights form. Defendant further testified that he made the statement to Officer Jones after he repeatedly asked for a lawyer and after two male police officers threatened to lock him up "forever." However, defendant later admitted that the two male officers did not really intimidate him or force him to give a statement. Further, defendant testified that what he told Officer Jones was "the truth" and that he gave his handwritten statement "freely, knowingly, and voluntarily."
In finding that defendant validly waived his right to remain silent, the trial court specifically found that defendant's testimony regarding his request for an attorney was not credible. "[B]ecause the demeanor of witnesses and credibility are so vitally important to a trial court's determination," this Court gives deference to the trial court's credibility determination at a Walker hearing. Snider, supra at 418, 608 N.W.2d 502. Defendant offers no reason to second-guess the trial court's credibility determination and we find no clear error in the trial court's finding that defendant's testimony regarding his confession was unworthy of belief. Accordingly, the trial court did not err in denying defendant's motion to suppress the statement at trial.[3]
Defendant also contends that this Court should remand this case for resentencing because the trial court erred in scoring certain offense variables (OV) contained in the legislative guidelines.
Specifically, defendant says that the trial court erroneously scored OV 9 at ten points. Under M.C.L. § 777.39(1)(c), the trial court must assign ten points to this variable if the crime involves two to nine victims. Further, M.C.L. § 777.39(2)(a) specifically states that, in scoring the variable, the trial court must "[c]ount each person who was placed in *802 danger of injury or loss of life as a victim." The victim's fiancé and child were both next to the victim inside the car when defendant shot the victim through the windshield. Clearly, defendant placed all three in danger of injury or loss of life and, therefore, the trial court correctly assigned ten points to OV 9.
Defendant also claims that the trial court misscored OV 10 at fifteen points. Under M.C.L. § 777.40(1)(a), the trial court must assign fifteen points to this variable if "[p]redatory conduct was involved." The statute defines predatory conduct as "preoffense conduct directed at a victim for the primary purpose of victimization." MCL 777.40(3)(a). Here, the record reflects that defendant and his accomplices drove around for an hour, looking for a car to steal so they could remove and sell the wheel rims. The record further indicates that, when defendant and his cohorts saw the victim driving a car with valuable rims, they followed the victim home, watched the victim pull into the driveway, and shot the victim in order to steal the car. Defendant's preoffense behavior in seeking out a victim and following this victim home for the specific purpose of committing a crime against her was clearly predatory within the meaning of the statute. Accordingly, the trial court did not err in assigning fifteen points for OV 10.
Finally, defendant asserts that the trial court erred in assigning five points for OV 16. MCL 777.46. Though defendant argued at sentencing that OV 16 should be scored at one point instead of five points, defendant did not preserve his argument that OV 16 is inapplicable to a murder conviction. While our dissenting colleague asserts that defendant waived appellate review of this issue under M.C.L. § 769.34(10),[4] we hold that defendant's failure to assert this argument before the trial court does not preclude appellate review under the plain error doctrine. People v. Carines, 460 Mich. 750, 763-764, 597 N.W.2d 130 (1999).
Though our dissenting colleague asserts that defendant forfeited his claim of error, it is well settled that "[m]ere forfeiture ... does not extinguish an `error.'" People v. Carter, 462 Mich. 206, 215, 612 N.W.2d 144 (2000). Rather, "[a]n appellate court properly may review forfeited claims of error when the forfeited claim involves a plain error affecting the defendant's substantial rights." People v. Coy, 243 Mich.App. 283, 287, 620 N.W.2d 888 (2000), citing People v. Grant, 445 Mich. 535, 547-549, 552-553, 520 N.W.2d 123 (1994). Though the legislative guidelines are clear, the record indicates that the prosecutor, defense counsel, and the trial court all failed to realize that OV 16 does not apply to this offense. Regardless whether defendant forfeited this claim by failing to timely raise it, the trial court's erroneous application of this offense variable constitutes a plain error that affected defendant's substantial rights.
MCL 777.21 provides that, to determine the appropriate minimum guidelines *803 sentence range, the trial court must do the following:
(a) Find the offense category for the offense from part 2 of this chapter. From section 22 of this chapter, determine the offense variables to be scored for that offense category and score only those offense variables for the offender as provided in part 4 of this chapter. Total those points to determine the offender's offense variable level.
As noted, M.C.L. § 777.21 directs the trial court to "score only those offense variables" that apply. Offense variable 16 does not apply here because second-degree murder is in the "crimes against a person" category, M.C.L. § 777.16p, and, under § 22, for crimes against a person, OV 16 applies only to the home invasion statute. MCL 777.22(1). Here, therefore, the trial court committed plain legal error in applying OV 16 to this offense in violation of M.C.L. § 777.22(1).[5]
Regardless whether we characterize this as a "misscoring"[6] issue under M.C.L. § 777.46 or a violation of M.C.L. § 777.22(1), we hold that defendant is entitled to resentencing on the basis of the plain error doctrine of Carines:
*804 To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. [United States v. Olano, 507 U.S. 725, 731-734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).] The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. Id. at 734, 113 S.Ct. 1770." It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." Id. Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error "`seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." Id. at 736-737, 113 S.Ct. 1770. [Carines, supra at 763, 597 N.W.2d 130.]
The trial court misapprehended and misapplied the law and, where the result is a sixty-month increase in defendant's sentence, we hold that defendant's rights were clearly prejudiced.[7] Clearly, the trial court, sitting as the finder of fact, determined, correctly, that defendant is not "actually innocent." Yet, where, as here, a trial court's plain error in applying the wrong sentencing guideline results in an additional five years in defendant's sentence, we hold that such an error "`"seriously affect[s] the fairness, integrity or public reputation of judicial proceedings...."'" Id.
Our dissenting colleague emphasizes that this Court should exercise its *805 discretion by affirming defendant's sentence in light of the "heinous nature" of defendant's crime. While we too are appalled by defendant's senseless and brutal act, the more relevant and difficult issue is thisshould we ignore, on appeal, a clear mistake of law that results in sixty months additional time in prison? We conclude the answer is no. Regardless of our revulsion at the cold-blooded nature of this crime, we cannot construe the sentencing guidelines and the plain error doctrine to permit a result that would seriously undermine the fairness of judicial proceedings. The Legislature has clearly stated that a trial court may sentence a defendant outside the appropriate guidelines range "if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." MCL 769.34(3). We simply cannot, under the guise of judicial "discretion," sanction a sentence imposed outside the appropriate guidelines range that is arrived at through a mistake of law. If the trial court deemed the sentence imposed ultimately "proportionate" in light of the offensive circumstances of this case, the court should have come to that conclusion legitimately and within the strict procedures outlined by our Legislature. Moreover, we remain mindful that, while "[t]he authority to impose sentences and to administer the sentencing statutes enacted by the Legislature lies with the judiciary," "the ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the Legislature." People v. Hegwood, 465 Mich. 432, 436-437, 636 N.W.2d 127 (2001). Because the trial court clearly erred in imposing a sentence that the Legislature did not authorize in this specific category of cases, remand is necessary to correct the error.[8]
In remanding this matter for resentencing to correct the obvious sentencing error, the trial court may look at the sentencing issue again, and if the trial court believes that the total score, and thus the corresponding sentence, is inadequate and that there are substantial and compelling reasons to depart upward from the legislative guidelines, then the court may do so as long as the trial court proceeds in a manner consistent with the statutory requirements. People v. Dilling, 222 Mich.App. 44, 55-56, 564 N.W.2d 56 (1997).
In light of our disposition, we need not address defendant's remaining sentencing issues.
Defendant's convictions are affirmed and we remand for resentencing. We do not retain jurisdiction.
COOPER, P.J., concurred.
GRIFFIN, J. (concurring in part and dissenting in part).
I concur in affirming defendant's convictions and join in all portions of the majority's opinion except the remand for resentencing because of the forfeited offense variable (OV) 16 guidelines scoring error.
In the context of the judicial sentencing guidelines, our Supreme Court in People v. Raby, 456 Mich. 487, 496, 572 N.W.2d 644 (1998), stated: "`The scoring of the sentencing guidelines is not an end in itself but rather a means to achieve a proportionate sentence.'" (quoting with approval People v. Polus, 197 Mich.App. 197, 208, 495 N.W.2d 402 [1992] [Griffin, J., dissenting]). However, under the newly enacted legislative sentencing guidelines, accurate *806 scoring of the legislative guidelines is more important because the "new ground rules," People v. Hegwood, 465 Mich. 432, 439, 636 N.W.2d 127 (2001), enacted by the Legislature must be followed by the judiciary. Id. The new ground rules include a system of guideline scoring that must be utilized in determining an appropriate sentence absent "a substantial and compelling reason" for departure. MCL 769.34(3). The new scoring scheme also contains an express appellate forfeiture provision. Specifically, M.C.L. § 769.34(10) provides:
If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence rangeunless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals. [Emphasis added.]
Despite the Legislature's comprehensive system for scoring and appellate review, the majority revises the ground rules by adopting and applying the judicially created plain error rule for statutory scoring decisions. I respectfully dissent.
In my view, the majority's review of a forfeited scoring issue violates the statute, M.C.L. § 769.34(10), and our court rules, MCR 6.429(C). In this regard, MCR 6.429(C) provides:
Preservation of Issues Concerning Presentence Report and Sentencing Guidelines. A party may not raise on appeal an issue challenging the accuracy of the presentence report or the scoring of the sentencing guidelines unless the party has raised the issue at or before sentencing or demonstrates that the challenge was brought as soon as the inaccuracy could reasonably have been discovered. Any other challenge may be brought only by motion for relief from judgment under subchapter 6.500. [Emphasis added.]
Irrespective whether appellate review of scoring decisions is a substantive matter, M.C.L. § 769.34(10), or practice and procedure, MCR 6429(C); People v. McGuffey, 251 Mich.App. 155, 649 N.W.2d 801 (2002),[1] defendant has forfeited the scoring issue he now attempts to raise on appeal.
Finally, I note that even if the plain error doctrine were applicable, my colleagues fail to acknowledge the discretionary nature of the doctrine. In People v. Carines, 460 Mich. 750, 763, 597 N.W.2d 130 (1999), our Supreme Court explained the plain error rule as follows:
The [United States v.] Olano [507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)] Court emphasized that a constitutional right may be forfeited by a party's failure to timely assert that right. Id.,p. 731, 113 S.Ct. 1770. To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. Id., pp. 731-734, 113 S.Ct. 1770. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the *807 lower court proceedings. Id., p. 734, 113 S.Ct. 1770. "It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." Id. Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error "`seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." Id., pp. 736-737, 113 S.Ct. 1770.
The plain error rule may be invoked only "when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error `seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." Id. In my view, the alleged guidelines scoring error does not qualify under either exception. Obviously, by affirming defendant's convictions, we have unanimously concluded that defendant is not "actually innocent." Second, in view of the heinous nature of this brutal and senseless murder and defendant's appropriate sentence of thirty to seventy years, it cannot be credibly argued that the alleged sentencing guidelines error seriously affected the fairness, integrity, or public reputation of these judicial proceedings. Under the circumstances of this case, our discretion should be exercised not to invoke the plain error doctrine.
The majority attempts to justify its review of the forfeited statutory error in footnote five of its opinion. However, the relied-on phrase from M.C.L. § 769.34(10) "that is within the appropriate guidelines sentence range...." is part of the longer phrase, "or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range...." (Emphasis added.) In its interpretation of the statute, the majority fails to recognize the effect of the disjunctive phrasing of the language in question. As previously explained by this Court in Beauregard-Bezou v. Pierce, 194 Mich.App. 388, 393, 487 N.W.2d 792 (1992):
The primary rule of statutory interpretation is to ascertain and give effect to legislative intent.... Where the use of the disjunctive "or" creates ambiguity in a statute, the language of the statute must be construed to give effect to the Legislature's intent, and the words of the statute must be construed in light of the general purpose sought to be accomplished by the Legislature....
The terms "and" and "or" are often misused in drafting statutes, and inappropriate use of these words has infected statutory enactments.... However, the literal meaning of "or" should be followed unless it renders the statute dubious....
Black's Law Dictionary (6th ed) defines "or" as: "A disjunctive particle used to express an alternative or to give a choice of one among two or more things."
See also People v. Pfaffle, 246 Mich.App. 282, 297, 632 N.W.2d 162 (2001); Caldwell v. Chapman, 240 Mich.App. 124, 131, 610 N.W.2d 264 (2000); People v. Nickerson, 227 Mich.App. 434, 439, 575 N.W.2d 804 (1998).
In the instant case, the statutory language is clear. There are two disjunctive phrases"challenging the scoring of the sentencing guidelines" and "challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range"that establish two distinct and separate *808 situations to which the statute applies. Only the former circumstances apply herein, where defendant is "challenging the scoring of the sentencing guidelines...." The majority's interpretation of the statute, which transposes the phrase "within the appropriate guidelines" on to the unrelated phrase regarding guidelines scoring, skews the meaning of the statute.
In the present case, the alleged scoring error issue has been forfeited because defendant failed to "raise[] the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals."[2] MCL 769.34(10). See also MCR 6.429(C), and McGuffey, supra.
Defendant's reliance in his supplemental authority on Glover v. United States, 531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001), is also misplaced. In Glover, the United States Supreme Court held that in evaluating a claim of ineffective assistance of counsel, a defense attorney's failure to argue the proper sentencing guidelines scoring may satisfy the prejudice prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, the Supreme Court remanded the case to the trial court for a ruling on the second prong of Strickland: whether the performance of the defendant's counsel fell below a reasonable standard of competence. In the present case, defendant has not raised the issue of ineffective assistance of counsel. Accordingly, Glover is not applicable.
I would affirm defendant's convictions and sentences. I respectfully dissent in regard to the remand for resentencing. Defendant's sentence of thirty to seventy years is valid under the statutory sentencing guidelines, Hegwood, supra, and should be affirmed.
NOTES
[1] People v. Walker (On Rehearing), 374 Mich. 331, 132 N.W.2d 87 (1965).
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] Defendant further asserts that the trial court should have suppressed his statement because the police lacked probable cause to arrest him. Defense counsel raised the issue during defendant's Walker hearing. Though the prosecutor had no notice that defendant intended to assert this claim, she offered to present witness testimony to establish probable cause. The prosecutor explained that the police arrested defendant after his codefendant, Joshua K. Davis, told the police that defendant shot the victim. Following a discussion and an examination of the search warrants, defense counsel stated that the prosecutor need not produce additional witnesses and he further stated that he was prepared for the trial court to rule on the issue. Accordingly, defendant waived his claim that the prosecutor failed to present sufficient evidence to establish probable cause to arrest him.
[4] MCL 769.34(10) provides:

If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.
[5] Arguably, a plain reading of M.C.L. § 769.34(10) lends itself to differing interpretations regarding preservation requirements. Our dissenting colleague asserts that, pursuant to the second sentence, if a party fails to properly preserve a scoring issue, appellate challenge is waived, regardless whether the sentence is within the appropriate guidelines range. However, we read the statute to allow an unpreserved appellate challenge to the scoring if the sentence is not within the appropriate guidelines range. This latter reading is bolstered by the first sentence, which contemplates appellate review of scoring challenges if the minimum sentence is not within the appropriate range. Indeed, this reading is most logical given the Legislature's repeated indication that appellate review is based on whether the sentence is "within the appropriate guidelines sentence range...." Moreover, under the dissent's interpretation, if a sentence is not within the appropriate guidelines range, a party could raise an unpreserved issue relating to inaccurate information, but could not raise an unpreserved claim relating to scoring. We see no basis for reading the statute to treat the two challenges differently. Either error, misscoring or relying on inaccurate information, could result in a sentence that is not within the appropriate guidelines range. Notwithstanding this disagreement, the statute does not vitiate the plain error doctrine as applied to this case.

Our Court recently held that, for purposes of preservation, a misscoring claim may not be raised in a motion for resentencing because, under MCR 6.429(C), to preserve a scoring issue on appeal, a defendant must raise the issue "at or before sentencing." People v. McGuffey, 251 Mich.App. 155, 649 N.W.2d 801 (2002). Thus, though the defendant in McGuffey properly preserved the issue under the legislative guidelines, M.C.L. § 769.34(10), the Court held that, because the conflicting court rule relates to "practice and procedure" and not substantive law, the court rule prevails and, therefore, the defendant was precluded from raising the scoring issue on appeal. Id. Here, we need not decide whether defendant is precluded from appellate review on the basis of the conflict between M.C.L. § 769.34(10) and MCR 6.429(C) because, here, the trial court's error resulted in a sentence that was not within the appropriate legislative guidelines range. "By formal enactment of the Legislature, Michigan became subject to guidelines with sentencing ranges that do require adherence." People v. Hegwood, 465 Mich. 432, 438, 636 N.W.2d 127 (2001).
[6] A "misscoring" error might be better characterized as attributing the wrong number of points to an offense variable that would normally apply. For example, under M.C.L. § 777.46 (scoring table for OV 16), the statute instructs the trial court to attribute zero points under subsection 46(1)(e) if "[n]o property was obtained, damaged, lost, or destroyed or the property had a value of less than $200.00." A "misscoring" under OV 16 would occur, therefore, if, although the "crime category" and M.C.L. § 777.22 suggest that OV 16 applies, the record did not support a finding that any property was obtained, damaged, lost, or destroyed.
[7] See Glover v. United States, 531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001), in which the United States Supreme Court made clear that it considered even a minimal amount of additional time in prison to have constitutional implications and to be prejudicial. Though Glover is not dispositive on the precise issue before us, it is undeniably instructive. Glover involved a claim of ineffective assistance of counsel for defense counsel's failure to contest the prosecutor's assertion that the defendant's convictions should not be grouped together for purposes of the United States Sentencing Commission Guidelines. Id. at 200-201, 121 S.Ct. 696. According to the defendant, his attorneys' failure to press the grouping issue resulted in a sentence under the wrong guidelines sentencing range. Id. at 202, 121 S.Ct. 696. The Supreme Court agreed that the increase of six to twenty-one months in prison constituted prejudice under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As the Court explained:

The Seventh Circuit was incorrect to rely on Lockhart [v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)] to deny relief to persons attacking their sentence who might show deficient performance in counsel's failure to object to an error of law affecting the calculation of a sentence because the sentence increase does not meet some baseline standard of prejudice. Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance. [Glover, supra at 203, 121 S.Ct. 696.]
Several panels of our Court have reviewed unpreserved scoring issues when presented as claims of ineffective assistance of counsel. See People v. Harmon, 248 Mich.App. 522, 530, 640 N.W.2d 314 (2001); People v. Britt, unpublished opinion per curiam of the Court of Appeals, decided April 23, 2002 (Docket No. 228017, 2002 WL 737867); People v. Hudson, unpublished opinion per curiam of the Court of Appeals, decided April 19, 2002 (Docket No. 230893, 2002 WL 652421). We question, without deciding, the efficacy of allowing defendants to secure appellate review under the ineffective assistance of counsel rubric to overcome the preservation requirement when, like here, the legal error is equally apparent and equally prejudicial when raised alone.
[8] As our Supreme Court remarked in Hegwood, "[b]ecause the new guidelines are the product of legislative enactment, a judge's discretion to depart from the range stated in the legislative guidelines is limited to those circumstances in which such a departure is allowed by the Legislature." Hegwood, supra at 439, 636 N.W.2d 127.
[1] Unlike in McGuffey, in the present case there is no conflict between the statute and court rule. Defendant has forfeited the scoring issue under both the statute and the court rule.
[2] In the lower court, defense counsel conceded the applicability of OV 16. The sole objection raised related to the value of the property.