WEAVER, J.
(concurring in part and dissenting in part). I concur in the majority’s conclusion that a scoring error is not appealable under MCR 6.429(C) as currently drafted unless it was raised at or before sentencing, regardless of whether the resulting sentence was inside or outside the appropriate guidelines sentence range. However, I dissent from the majority’s interpretation of MCL 769.34(10) and its order remanding this case for resentencing on the basis of MCR 6.508(D)(3).
I agree with the Court of Appeals dissent by Judge GRIFFIN and would hold that MCL 769.34(10) requires that defendant preserve alleged errors in the scoring of offense variables and that the plain error doctrine does not justify reversal of defendant’s conviction in this case. I would affirm defendant’s sentence.
It is undisputed that offense variable 16 (OV16) is not applicable to this case. The question before the Court is whether defendant can challenge the scoring of the offense variable when he failed to raise the issue at sentencing, in a motion for resentencing, or in a motion to remand filed in the Court of Appeals. Regarding this question, MCL 769.34(10) provides:
If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant’s sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the *316 issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.
The first sentence of the statute governs when the Court of Appeals may remand for resentencing when a minimum sentence is within the appropriate guidelines sentence range. Those circumstances are limited to where there is an “error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant’s sentence.”
The second sentence of the statute shifts the focus to when a party is permitted under MCL 769.34(10) to raise on appeal an issue “challenging the scoring of the sentencing guidelines or the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range ....” The second sentence provides that neither issue can be raised “unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.”
This case involves a scoring error that caused a sentence to fall outside the appropriate guidelines sentence range. Thus, we consider whether the Legislature intended to limit appeals of scoring errors regardless of whether the sentence was within or outside the appropriate guidelines sentence range.
The majority concludes that there is no basis in the statute to conclude that the Legislature intended to limit appeals of scoring errors differently from challenges to the accuracy of the information relied on in determining a sentence. The majority bases this conclusion, however, on its interpretation of the first sentence of the statute, not the second sentence at issue in this case. The majority reasons:
*317 The first sentence of §34(10) provides that a sentence that is within the appropriate guidelines sentence range is not appealable unless there is a scoring error or inaccurate information is relied upon. The necessary corollary of this statement is that a sentence that is outside the appropriate range is appealable. [Ante at 311 (emphasis in original).]
I respectfully disagree with the majority’s logic. As noted above, the first sentence of the statute addresses when the Court of Appeals may remand for resentencing, not when a party may appeal. The first sentence allows the Court of Appeals to remand for resentencing scoring errors if a minimum sentence is within the appropriate guidelines sentence range. However, the plain language of the second sentence reveals that the only scoring errors that the Legislature intended the Court of Appeals to review at all are those that were preserved by a party “at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.” As reasoned by Judge GRIFFIN’S Court of Appeals dissent in part:
There are two disjunctive phrases—“challenging the scoring of the sentencing guidelines” and the “challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range”—that establish two distinct and separate situations to which the statute applies. Only the former circumstances apply herein, where defendant is “challenging the scoring of the sentencing guidelines
In the present case, the alleged scoring error issue has been forfeited because defendant failed to “raise[] the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.” MCL 769.34(10). [252 Mich App 285-286.]
*318 Thus, I would hold that pursuant to MCL 769.34(10), defendant cannot challenge the scoring of OV16 because he did not raise the issue as required by the statute. I also agree with Judge GEIFFIN’S conclusion that the scoring error does not qualify as plain error that seriously affected the fairness, integrity or public reputation of judicial proceedings under People v Carines, 460 Mich 750; 597 NW2d 130 (1999).
The majority also premises its decision to order resentencing on its conclusion sua sponte that defendant is entitled to relief from judgment under MCR 6.508(D)(3). The majority’s eagerness to serve as advocate, trial judge, and appellate court is unnecessary and inappropriate. First, it cannot be assumed that defendant will file a motion for relief from judgment. Second, there is no guarantee that defendant would carry the burden of establishing entitlement to the relief requested under MCR 6.508(D). Without the benefit of argument and briefing, I would not step into the shoes of the trial court and decide an issue that has not even been raised by a party. Third, the possibility that defendant could successfully file a motion for relief from judgment does not necessitate concluding that defendant would in this case, because the defendant is free to file such a motion regardless of how the question of statutory interpretation is resolved.
In conclusion, I concur in the majority conclusion that a scoring error is not appealable under MCR 6.429(C) as currently drafted unless it was raised at or before sentencing, regardless whether the resulting sentence was inside or outside the appropriate guidelines sentence range.
However, I dissent from the majority’s interpretation of MCL 769.34(10) and its order remanding this case for resentencing on the basis of MCR 6.508(D)(3) and *319 Cannes. I would hold that MCL 769.34(10) requires that defendants preserve alleged errors in the scoring of offense variables and that the plain error doctrine requires no other result. I would affirm defendant’s sentence.
Corrigan, C.J., and YOUNG, J., concurred with Weaver, J.