# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL DOUGLAS NORTH,

        Defendant-Appellant.

UNPUBLISHED
September 19, 2017

No. 332310
Oakland Circuit Court
LC No. 2015-255761-FH

Before: GADOLA, P.J., and CAVANAGH and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction of possession of marihuana, second offense, MCL 333.7403(2)(d); MCL 333.7413. We affirm.

On January 3, 2015, at about 12:30 a.m., defendant was stopped by Royal Oak Police Officer Richard Chipman for driving 42 miles per hour in a 30-mile-per-hour zone. The traffic stop was videotaped. Officer Chipman testified that, while speaking to defendant at defendant's driver's side door, he smelled the odor of marijuana coming from defendant's car.[1] It was fresh versus burnt marijuana, and he knew that because he had training in narcotics investigation and had taken several classes, including a drug recognition class. He had also investigated hundreds of cases involving suspected marijuana. When Officer Chipman asked defendant if he had contraband in his vehicle, defendant replied that he did not. Officer Chipman then returned to his patrol car to check defendant's name through the computer system and issue the speeding citation. Subsequently, Officer Chipman returned to defendant's vehicle and asked defendant if he could conduct a search and defendant denied consent. Officer Chipman then had defendant step out of his vehicle and sit in the patrol car so that a free-air canine sniff could be conducted around defendant's vehicle. After the canine alerted at the driver's side door of defendant's vehicle, Officer Chipman asked defendant if there was any contraband in the vehicle and defendant said that he had smoked marijuana earlier. Officer Chipman then allowed the canine to go into defendant's vehicle. At that point, Officer Chipman told the canine: "I can smell it,

---

[1] By convention, this Court uses the more common spelling of "marijuana" in its opinions instead of the statutory "marihuana." *People v Jones*, 301 Mich App 566, 569 n 1; 837 NW2d 7 (2013).

-1-

but I'm going to let you do the work," or something along those lines. The canine alerted to the passenger seat. When defendant was asked again if there was contraband in the vehicle, defendant denied that there was anything in the "driver's seat," which caught Officer Chipman's attention because he had not mentioned the driver's seat. When questioned whether defendant meant to say there was nothing in the car, defendant admitted that there was marijuana in the car. Thereafter, Officer Chipman searched defendant's vehicle and located a baggie of suspected marijuana on the front passenger seat under some miscellaneous items. Defendant was arrested and, following testing, it was confirmed that the baggie contained marijuana.

At the preliminary examination, defendant moved to quash the charges and objected to the bindover, arguing that the search and seizure were illegal because Officer Chipman's claim that he smelled marijuana was "incredible" considering his actions. For example, he did not tell defendant that he smelled marijuana. And if had smelled marijuana, Officer Chipman would not have had to conduct the canine sniff because he would have had probable cause to search the vehicle. That is, defendant argued, Officer Chipman's actions were inconsistent with those of an officer who had detected the odor of marijuana during a traffic stop.

The district court, which reviewed the video of the traffic stop, rejected defendant's claim that Officer Chipman provided false testimony. The court noted that Officer Chipman advised another officer who had responded to the scene that he had smelled marijuana in an "off-the-cuff remark." Further, the fact that Officer Chipman sought consent from defendant to search the vehicle made sense because consent provides a better "basis for a justification" of a search than a claim that an odor was smelled. And it appeared that Officer Chipman's actions were designed to either confirm his findings or find another basis to support the search of the vehicle other than his detection of the odor. Accordingly, defendant was bound over as charged.

Thereafter, defendant moved in the circuit court to suppress the evidence seized, arguing that Officer Chipman's actions were inconsistent with his testimony that he smelled the odor of marijuana coming from defendant's car. Following an evidentiary hearing, and after review of the video of the traffic stop, the circuit court held that there was no evidence that contradicted or led the court to believe that there was any basis to challenge Officer Chipman's testimony. In other words, the court noted, it boiled down to whether the officer smelled marijuana coming from defendant's car and the court had no basis to challenge that testimony; thus, the motion was denied.

On appeal, defendant argues that his motion to suppress the evidence should have been granted because Officer Chipman did not have probable cause to extend the traffic stop and conduct a search of his vehicle. We disagree.

This Court reviews de novo the trial court's ruling on a motion to suppress, while its related factual findings are reviewed for clear error. *People v Williams*, 472 Mich 308, 313; 696 NW2d 636 (2005). Due deference is given to the trial court's assessments of evidentiary weight and witness credibility. *People v Shipley*, 256 Mich App 367, 373; 662 NW2d 856 (2003). A finding is clearly erroneous if, after reviewing the entire record, we are left with a definite and firm conviction that a mistake has been made. *People v Dagwan*, 269 Mich App 338, 342; 711 NW2d 386 (2005).

The United States and Michigan Constitutions protect a defendant from "unreasonable searches and seizures." US Const, Am IV; Const 1963, art 1, § 11. Stopping a vehicle and detaining its occupants constitutes a seizure. *People v Armendarez*, 188 Mich App 61, 69; 468 NW2d 893 (1991). But "[a] traffic stop is reasonable as long as the driver is detained only for the purpose of allowing an officer to ask reasonable questions concerning the violation of law and its context for a reasonable period." *Williams*, 472 Mich at 315. Traffic stops that evolve into criminal investigations are lawful when circumstances provide an officer with reasonable suspicion. *Id*. "The determination whether a traffic stop is reasonable must necessarily take into account the evolving circumstances with which the officer is faced," and "when a traffic stop reveals a new set of circumstances, an officer is justified in extending the detention long enough to resolve the suspicion raised." *Id*.

Further, to establish that a subsequent search of the vehicle complied with the Fourth Amendment under the motor vehicle exception to the warrant requirement, the police must show that "probable cause to support the search exists." *People v Kazmierczak*, 461 Mich 411, 418-419; 605 NW2d 667 (2000). The "smell of marijuana alone by a person qualified to know the odor may establish probable cause to search a motor vehicle, pursuant to the motor vehicle exception to the warrant requirement." *Id*. at 413. If that is the case, the corollary is that the smell of marijuana creates a sufficient new circumstance that justifies extending a traffic stop. See *Williams*, 472 Mich at 315.

Here, defendant argues that Officer Chipman lied when he testified that he smelled marijuana coming from defendant's vehicle; thus, he had no probable cause to extend the traffic stop to conduct a canine sniff and, then, search his vehicle. In support of this argument, defendant merely states that Officer Chipman's actions were "wholly inconsistent with the actions an officer would take if, in fact, he had probable cause." Defendant admits that his challenge "is essentially one of credibility." But as the circuit court held, Officer Chipman's testimony that he smelled the odor of marijuana coming from defendant's vehicle was unrefuted. Defendant failed to present any evidence that would either tend to contradict Officer Chipman's testimony or lead to an inference that Officer Chipman could not have smelled marijuana coming from defendant's vehicle. For example, there was no evidence of any variables that could have impacted Officer Chipman's ability to smell "fresh marijuana" located on the passenger seat, such as: (1) environmental conditions (like cold, wind, car exhaust); (2) how far defendant's window was rolled down; and (3) the amount of marijuana or how it was packaged.

Instead, defendant merely argued that, if Officer Chipman had smelled marijuana, he would have behaved differently. That is, he would have told defendant that he smelled marijuana and he would have immediately searched the vehicle without conducting a canine sniff. But these claims are insufficient to establish that Officer Chipman testified falsely when he stated that he smelled marijuana coming from defendant's vehicle. As the circuit court noted, Officer Chipman did not have to tell defendant that he smelled marijuana or anything else "in terms of what he was doing if the officer is proceeding to investigate based upon his own observations[.]" It may very well have been for safety purposes that Officer Chipman did not tell defendant that he smelled marijuana. Further, Officer Chipman's decision to have a canine sniff confirm that marijuana was inside of defendant's vehicle was reasonable and served to strengthen his assertion that he had probable cause both to extend the traffic stop and to perform a search of defendant's vehicle. While defendant is correct that a canine sniff that unreasonably

-3-

extends a traffic stop is unconstitutional if not supported by probable cause, in this case, Officer Chipman's unrefuted claim that he smelled the odor of marijuana provided the probable cause necessary to extend the traffic stop long enough to conduct a canine sniff, which then led to the search of defendant's vehicle. See, e.g., *Illinois v Caballes*, 543 US 405, 408-409; 125 S Ct 834; 160 L Ed 2d 842 (2005).

In summary, the circuit court properly denied defendant's motion to suppress after concluding that Officer Chipman's testimony was credible.[2] In short, "[d]efendant offers no reason to second-guess the trial court's credibility determination[.]" See *People v Kimble*, 252 Mich App 269, 273; 651 NW2d 798 (2002).

Affirmed.

/s/ Mark J. Cavanagh
/s/ Brock A. Swartzle

---

[2] Defendant argues that the circuit court did not specifically find Officer Chipman's testimony credible. We disagree. The court held that it had no basis to challenge Officer Chipman's testimony that he smelled marijuana when he approached defendant's vehicle which is tantamount to a finding that the testimony was credible.