PEOPLE v WILSON

Docket Nos. 46014, 46015. Submitted April 10, 1980, at Lansing.— Decided May 20, 1980.

David R. Wilson was charged with breaking and entering with intent to commit a larceny and attempting to injure or destroy a safe or vault with intent to commit larceny. With defendant's consent, the Livingston Circuit Court, Bert M. Hensick, J., assigned defendant to the status of a youthful trainee. The trial court placed defendant on probation and sentenced defendant to spend the first 90 days in jail as a condition of probation. Defendant appeals, arguing that the trial court exceeded its statutory authority in imposing a jail term as a condition of the probation given in accordance with the Holmes Youthful Trainee Act. *Held:*

1. The sense of the language of the commitment provision of the Holmes Youthful Trainee Act would not be rendered dubious by giving the term "or", as used therein, its accurate disjunctive meaning. Given the disjunctive meaning of the term "or" as used in that portion of the act, the act permits the court to either commit the youth to the department of corrections for custodial supervision and training or place the youth on probation. Under the Youthful Trainee Act, the court may not both place the youth on probation and impose a jail sentence as a condition of that probation.

2. Neither the general sentencing statute nor the general probation statutes apply to a youth admitted to the status of a youthful trainee under the Holmes Youthful Trainee Act, since the general sentencing and the general probation statutes are both predicated upon a defendant's having been convicted of a crime and a youth assigned the status of a youthful trainee is not deemed to have been convicted of a crime.

Remanded for resentencing.

1. WORDS AND PHRASES — "OR" — DISJUNCTIVE MEANING — DUBIOUS SENSE.

The term "or" should be read as having its accurate disjunctive

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 73 Am Jur 2d, Statutes §§ 241, 298.

[3] 21 Am Jur 2d, Criminal Law §§ 525 *et seq.,* 526 *et seq.,* 576 *et seq.*

meaning unless such a reading would render the sense of such use dubious.

2. CRIMINAL LAW — SENTENCING — YOUTHFUL TRAINEES — ALTERNA-
   TIVE SENTENCES — STATUTES.

   Giving the word "or", as used in the commitment provision of the Holmes Youthful Trainee Act, its accurate disjunctive meaning does not render the sense of such use dubious; accordingly, under such act, a court, with respect to a youth admitted to trainee status, must either commit the youth to the department of corrections for custodial supervision and training or place the youth on probation, but the court may not both place the youth on probation and impose a jail sentence as a condition of that probation (MCL 762.13; MSA 28.853[13]).

3. CRIMINAL LAW — SENTENCING — YOUTHFUL TRAINEE STATUS —
   PROBATION — JAIL TERM — STATUTES.

   Neither the general sentencing statute nor the general probation statutes apply to a youth admitted to the status of a youthful trainee under the Holmes Youthful Trainee Act, since the general sentencing statute and the general probation statutes are predicated on a defendant's having been convicted of a crime and a youth assigned to the status of a youthful trainee is not deemed to have been convicted of a crime (MCL 762.13, 769.1, 771.1, 771.3[2]; MSA 28.853[13], 28.1070, 28.1131, 28.1133[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Frank R. Del Vero,* Prosecuting Attorney, and *Avery Weiswasser,* Assistant Prosecuting Attorney, for the people.

*Jules N. Fiani,* for defendant.

Before: D. C. RILEY, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

R. B. BURNS, J. Defendant was charged with breaking and entering a gas station with the intent to commit larceny, MCL 750.110; MSA 28.305, and with attempting to break, burn, blow up or otherwise injure or destroy a safe, vault or other

depository of valuables with the intent to commit larceny, MCL 750.531; MSA 28.799. With defendant's consent, the trial court assigned defendant to the status of youthful trainee pursuant to MCL 762.11; MSA 28.853(11). Though he was placed on probation, defendant was sentenced to spend the first 90 days in the county jail as a condition of that probation. On appeal defendant maintains that the trial court exceeded its statutory authority in imposing a jail term as a condition of probation after it had granted defendant the status of youthful trainee. We agree.

Section 13 of the Holmes Youthful Trainee Act, MCL 762.13; MSA 28.853(13), provides:

"If a youth is assigned to the status of a youthful trainee and the underlying charge is an offense punishable by imprisonment in a state prison for a term of more than 1 year, the court shall (a) commit the youth to the department of corrections for custodial supervision and training for a period not to exceed 3 years in an institutional facility designated by the department for such purpose or (b) place the youth on probation for a period not to exceed 3 years. A youth placed on probation shall be under the supervision of a probation officer or community assistance officer appointed by the corrections commission. Upon commitment to and receipt by the department of corrections, a youthful trainee shall be subject to the direction of the department of corrections."

Under this statute, the court may either: (a) commit the youth to the department of corrections for custodial supervision and training, or (b) place the youth on probation. By its use of the disjunctive "or" and by its separate enumeration of the two alternatives, the statute directs the trial court to sentence the youth to either imprisonment or probation. We do not find in this statute the

authority to sentence a youth to both imprisonment and probation.

This Court has noted the fact that the frequent misuse of the terms "or" and "and" has sometimes led the courts to read one term in place of the other, thus conferring on the term "or" a conjunctive meaning and on the term "and" a disjunctive one. See, *e.g., Aikens v Dep't of Conservation,* 387 Mich 495, 500; 198 NW2d 304 (1972), *Reynolds v Great American Ins Co of New York,* 328 Mich 391, 397; 43 NW2d 901 (1950), *Heckathorn v Heckathorn,* 284 Mich 677, 681; 280 NW 79 (1938), *Esperance v Chesterfield Twp,* 89 Mich App 456, 461; 280 NW2d 559 (1979). However, we are mindful that the Supreme Court has held that the terms are not to be treated as "interchangeable" and that they "should be followed when their accurate reading does not render the sense dubious". *Heckathorn, supra,* 681. In the present case, an accurate reading of the term "or" does not render the statute "dubious", and we therefore hold the term to its disjunctive meaning.

We next consider whether the general sentencing statutes confer upon the trial court the authority to impose a jail term upon defendant as a condition of his probation, and find that they do not.

MCL 769.1; MSA 28.1072 gives the trial court authority to sentence any individual who has been convicted of an offense against the laws of this state. Defendant, however, has not been convicted of any crime. Pursuant to § 14 of the Holmes Youthful Trainee Act, MCL 762.14; MSA 28.853(14), "[a]n assignment of a youth to the status of youthful trainee, as provided in this chapter, shall not be deemed to be a conviction of crime". Similarly, the court is powerless to sen-

tence the defendant to jail as a condition of probation under the general probation statutes, MCL 771.1, 771.3(2); MSA 28.1131, 28.1133(2), which also are predicated upon the defendant's having been found guilty of an offense, MCL 771.1(1); MSA 28.1131(1).

As we have found no statutory authority justifying the imposition of a jail term as a condition of probation for a youthful trainee, the defendant's sentence is set aside and the matter is remanded for resentencing in accordance with this opinion.