PEOPLE v GARNER

Docket No. 180583. Submitted January 9, 1996, at Detroit. Decided
January 16, 1996, at 9:25 A.M.

Demetrick E. Garner pleaded guilty in the Lenawee Circuit Court
of possession with intent to deliver less than fifty grams of
cocaine. As part of the plea agreement, the prosecution agreed
not to prosecute three similar charges. The court, Harvey A.
Koselka, J., sentenced the defendant to four to twenty years'
imprisonment. The defendant appealed by leave granted.

The Court of Appeals *held:*

1. The sentencing guidelines were improperly scored. A prior
breaking and entering charge that resulted in the defendant
being assigned to youthful trainee status under the Youthful
Trainee Act, MCL 762.11 *et seq.*; MSA 28.853(11) *et seq.*, was
improperly considered as a conviction for purposes of scoring
the guidelines. An assignment to youthful trainee status under
the act is not to be construed as a conviction. MCL 762.14;
MSA 28.853(14). The matter must be remanded to the trial
court to determine if the defendant's sentence would be
changed by correctly scoring the sentencing guidelines.

2. The defendant's claim of ineffective assistance of counsel is
without merit.

Remanded.

SENTENCES — SENTENCING GUIDELINES — YOUTHFUL TRAINEES —
WORDS AND PHRASES — "CONVICTION."

A conviction, for purposes of the sentencing guidelines, is an
adjudication of guilt in an adult criminal matter; an assign-
ment to youthful trainee status under the Youthful Trainee
Act is not to be construed as a conviction in scoring the
guidelines (MCL 762.14; MSA 28.853[14]).

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Irving C. Shaw, Jr.,* Pros-

REFERENCES

Am Jur 2d, Criminal Law § 1023.
See ALR Index under Conviction.

ecuting Attorney, and *Jonathan L. Poer,* Chief Appellate Prosecuting Attorney, for the people.

*George H. Chedraue,* for the defendant on appeal.

Before: WAHLS, P.J., and REILLY and O'CONNELL, JJ.

PER CURIAM. Defendant pleaded guilty of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). As part of the plea agreement, the prosecution agreed not to prosecute three similar charges. Defendant was sentenced to a term of four to twenty years' imprisonment. We granted defendant's application for leave to appeal. We remand for the trial court to determine if its sentence would be changed in light of corrected scoring of the sentencing guidelines.

Defendant argues that his offenses were improperly scored under the sentencing guidelines. We agree. Appellate review of guidelines calculations is very limited. *People v Daniels,* 192 Mich App 658, 674; 482 NW2d 176 (1992). A sentencing court has discretion in determining the number of points to be scored provided there is evidence on the record that adequately supports a particular score. *Id.* A trial court's scoring of the sentencing guidelines will be upheld if there is evidence to support the score. *People v Ayers,* 213 Mich App 708; 540 NW2d 791 (1995).

Here, defendant was assessed twenty-five points under prior record variable 1 (PRV-1) for a prior breaking and entering charge. PRV-1 assesses points for "prior high severity felony convictions." Michigan Sentencing Guidelines (2d ed, 1988), p 51. Under the guidelines, a "conviction" is an

"adjudication of guilt in an adult criminal matter." *Id.,* p 8.

When defendant was brought before the trial court during the proceedings regarding the previous breaking and entering charge, the trial court in that case assigned defendant to "youthful trainee" status under the Youthful Trainee Act (YTA), MCL 762.11 *et seq.*; MSA 28.853(11) *et seq.* An assignment to youthful trainee status under the YTA is not to be construed as a conviction. MCL 762.14; MSA 28.853(14); *People v Wilson,* 97 Mich App 579, 582; 296 NW2d 110 (1980); *People v Crutchfield,* 62 Mich App 149, 153; 233 NW2d 507 (1975). Accordingly, the breaking and entering charge was improperly considered as a "conviction" in scoring the guidelines for PRV-1. MCL 762.14; MSA 28.853(14); *Wilson, supra,* p 582; *Crutchfield, supra,* p 153.

Without the scoring of those twenty-five points, defendant's prior record level drops to "B" from "C." Rather than a recommended minimum sentence range of twelve to sixty months, the range becomes twelve to thirty-six months. Michigan Sentencing Guidelines, *supra,* p 56. Accordingly, we remand to the trial court for the limited purpose of determining if the sentence it imposed on defendant would be changed by correctly scoring the guidelines. *People v Polus,* 197 Mich App 197, 201-202; 495 NW2d 402 (1992).

Defendant also argues that his sentence was disproportionate. However, in light of the remand, we believe that it would be premature to decide the proportionality issue. *People v Chesebro,* 206 Mich App 468, 474-475; 522 NW2d 677 (1994). If the trial court affirms its original sentence on remand, or imposes a shorter sentence but one that defendant believes is still disproportionate,

then defendant may raise that challenge in an appeal following the remand. *Id.,* p 475.

Finally, defendant argues that he was denied the effective assistance of counsel because his counsel did not investigate the factual basis for the charges that were not prosecuted as part of the plea agreement. We disagree. When reviewing a claim of ineffective assistance of counsel arising out of a guilty plea, this Court must determine whether the defendant tendered a plea voluntarily and understandingly. *People v Bordash,* 208 Mich App 1, 2; 527 NW2d 17 (1994).

Our review of the record indicates that defendant was informed of the general nature of the charge against him as well as the maximum and minimum sentence for that charge. Defendant stated that, although his attorney gave him an estimate of what his sentence might be, his attorney did not promise him any particular sentence. Defendant further agreed that his attorney's estimate was a guess on which defendant should not rely.

In addition, there is no basis on the record to conclude that the agreement not to prosecute the three other charges was illusory. Defendant indicated at his arraignment that he understood that, in exchange for his plea, three other potential delivery situations investigated by the authorities would not be prosecuted. Defendant apparently had given a statement to the authorities regarding those other instances. Defendant's claim of ineffective assistance of counsel is without merit. *People v Clemons,* 184 Mich App 726, 729; 459 NW2d 40 (1990).

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.