PEOPLE v DILLING

Docket No. 170980. Submitted October 8, 1996, at Grand Rapids. Decided
February 25, 1997, at 9:25 A.M. Leave to appeal sought.

Steven R. Dilling was convicted by a jury in the Calhoun Circuit
Court, Stephen B. Miller, J., of two counts of first-degree criminal
sexual conduct and was sentenced to concurrent terms of impris-
onment of fifteen to thirty years. The defendant appealed.

The Court of Appeals *held*:

1. The prosecution initially had filed a six-count petition with the
probate court charging the defendant, who was fifteen years of age
at the time the offenses were committed, as a juvenile. Although
entitled to proceed against the defendant under the automatic
waiver provision of MCL 764.1f; MSA 28.860(6), the prosecution did
not move to waive jurisdiction within the fourteen days required by
MCR 5.950(A)(1), but, rather, within twenty-eight days of bringing
the original charges, it moved to dismiss the charges in the probate
court and, upon the granting of that motion, filed charges against
the defendant in the circuit court. Under these circumstances,
there was no violation of the defendant's due process rights, the
defendant suffered no prejudice, and there appears to be no basis
for the claim that the prosecutor was acting in bad faith. Accord-
ingly, the circuit court had jurisdiction to try the defendant as an
adult.

2. There was sufficient evidence to establish either that the
defendant was a principal or that he aided and abetted others in
forcing a three-year-old child to commit an act of fellatio upon a
one-year-old child. The fact that the victims were so young as to be
unable to form the necessary criminal intent to be guilty of a crime
themselves is irrelevant to the question whether the defendant and
the others charged in this matter were legally responsible for acts
of penetration committed at their direction through the instrumen-
talities of the victims.

3. The defendant's claims regarding errors in the jury instructions
were abandoned by reason of the failure to brief those issues
adequately.

4. The trial court did not err in admitting into evidence the video-
tape the perpetrators made of the victim's sexual activities.

5. The record fails to establish any acts of prosecutorial misconduct that caused the defendant to be denied a fair trial.

6. The trial court properly reviewed all the factors listed in MCR 6.931(E)(3) before sentencing the defendant as an adult. The findings of the court with respect to the various factors were not clearly erroneous, and the court did not abuse its discretion in deciding to sentence the defendant as an adult.

7. The trial court did not abuse its discretion in refusing to grant a defense motion to adjourn sentencing. The record shows that the defendant and his counsel had adequate time to review the presentence information report (PSIR) before sentencing.

8. The trial court properly resolved each of the alleged errors in the PSIR, although not always in the defendant's favor; however, to the extent that the PSIR was not amended to reflect the changes ordered by the court, those amendments must be made and a corrected copy of the PSIR must be transmitted to the Department of Corrections.

9. The trial court properly scored the prior record variables. The court also properly scored as fifteen points offense variable (OV) 5 on the basis that the victim had been carried away or held captive. However, the trial court erred in scoring OV 2 as twenty-five points on the basis that the older victim had been subjected to terrorism. The carrying of that victim by one arm, while cruel and reprehensible, was not undertaken for the purpose of increasing the fear and anxiety of the victim and was not terrorism within the meaning of the sentencing guidelines. Because the reduction of the total score by those twenty-five points reduces the defendant's sentence severity level from IV to III, the matter must be remanded for resentencing in light of the corrected scoring.

10. The defendant has not demonstrated that the cumulative effect of a number of alleged errors was so prejudicial as to deny him a fair trial.

11. The record does not establish a basis for having the resentencing done by a different judge.

Convictions affirmed, but remanded for further proceedings.

NEFF, P.J., concurring in part and dissenting in part, indicated that the convictions of first-degree criminal sexual conduct should be reversed because the victims, being less than seven years old, were incapable of committing that crime and, thus, the defendant could not be convicted of that crime on the theory of being an aider and abettor.

1. Rape — First-Degree Criminal Sexual Conduct — Children.

A person who makes a child younger than seven years sexually penetrate another child younger than seven years commits first-degree criminal sexual conduct as a principal in that the children are used as innocent instrumentalities to accomplish the prohibited sexual penetration; a person who aids and abets another in forcing such children to perform such acts is likewise guilty of first-degree criminal sexual conduct (MCL 750.520b[1][a]; MSA 28.788[2][1][a]).

2. Sentencing — Sentencing Guidelines — Offense Variables — Terrorism.

Terrorism for the purpose of the sentencing guidelines requires that the conduct be designed to increase substantially the fear and anxiety that the victim suffers during the offense; conduct undertaken for some other purpose that has the incidental effect of increasing the fear and anxiety of the victim should not be scored under the offense variable that deals with terrorism (Offense Variable 2).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Jon Sahli*, Prosecuting Attorney, and *Nancy Mullett*, Assistant Prosecuting Attorney, for the people.

*Arthur M. Fitzgerald, P.C.* (by *Arthur M. Fitzgerald*), for the defendant on appeal.

Before: Neff, P.J., and Hoekstra and G. D. Lostracco*, JJ.

Hoekstra, J. Defendant was convicted by a jury of two counts of first-degree criminal sexual conduct involving a person less than thirteen years of age, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and was sentenced to two concurrent terms of fifteen to thirty years' imprisonment. Defendant was tried and sentenced as an adult, although he was fifteen years old when the offenses occurred and sixteen years old when he was tried and sentenced. We affirm defend-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ant's convictions, but remand for reconsideration of defendant's sentence.

As Judge NEFF noted in her opinion in *People v Hack*, 219 Mich App 299; 556 NW2d 187 (1996), a case involving a codefendant, the facts here are "particularly disturbing." Defendant and several other young men, after skipping school and consuming alcoholic beverages, forced a three-year-old girl and her one-year-old male cousin to engage in sexual acts. This activity was videotaped, and the young men watched the tape. Defendant was prosecuted with respect to two particular episodes of sexual activity shown on the videotape. Defendant both operated the camera and at times can be heard on the tape saying things from which a jury could readily find that defendant was an active participant in forcing the two children to engage in sexual acts. The evidence at trial included an eighteen-minute segment of the videotape that showed the two sexual episodes for which defendant was charged.

I

The prosecution initially filed a six-count petition in the probate court on March 12, 1993, charging defendant as a juvenile. Although entitled to proceed against defendant under the automatic waiver provision of MCL 764.1f; MSA 28.860(6), the prosecution did not move to waive jurisdiction in the probate court within fourteen days as required by MCR 5.950(A)(1). But on April 5, 1993, the prosecution moved to dismiss the probate court proceeding in light of the seriousness of the offenses, information allegedly recently discovered, and the prosecution's belief that the offenses were part of a conspiracy. The motion to dismiss was

granted on April 6, 1993, and the prosecution filed a complaint against defendant in the circuit court on the following day. That complaint included a conspiracy count, which was later dismissed, that was not alleged in the probate court.

Defendant argues that it was an abuse of discretion for the probate court to dismiss the petition, that the circuit court never had jurisdiction over defendant, and that the prosecution acted in bad faith. While it does seem that the prosecution managed to circumvent the fourteen-day requirement of MCR 5.950(A)(1), we conclude that the prosecution was not precluded from proceeding as it did and that the circuit court had jurisdiction.

Here, there was no prejudice to defendant due to the dismissal of the probate petition and the filing of the complaint in the circuit court. Defendant was released on bond shortly after he was brought before the probate court. The circuit court complaint was filed approximately twenty-four days after the case commenced in the probate court, within the twenty-eight-day period for conducting a probable cause hearing in the probate court. MCR 5.950(B)(1)(a). The prosecution commenced the circuit court proceeding immediately after the probate petition was dismissed. Under these circumstances, there was no violation of defendant's due process rights. Nor does it appear that the prosecution acted in bad faith. When defendant was charged, the case was still developing and the videotape was being examined and repaired by an expert.

This case is somewhat similar to *People v McCoy*, 189 Mich App 201; 471 NW2d 648 (1991). In *McCoy*, this Court found that the prosecution could reinitiate

a juvenile proceeding where a prior juvenile proceeding raising the same charges was dismissed because the prosecution was not prepared to proceed with the probable cause hearing within twenty-eight days as required by MCR 5.950(B)(1)(a). The prosecution was then able to seek waiver of the defendant to the circuit court. This Court rejected the defense argument that the motion for waiver had to be filed within fourteen days of the first petition. Although this Court said in *McCoy* that a prosecutor could not dismiss a petition solely to file a waiver motion within fourteen days of filing the second petition, that statement does not control the instant case because *McCoy* did not consider the effect of the automatic waiver statute and the statement was dicta.

As suggested in *McCoy*, the situation presented here is similar to a case that is dismissed because of failure to provide a preliminary examination within twelve (now fourteen) days of an arraignment. MCL 766.4; MSA 28.922; *People v Vargo*, 139 Mich App 573; 362 NW2d 840 (1984). *Vargo* recognized that a defendant is not necessarily deprived of due process if a case is refiled after an initial complaint is dismissed. This Court approved reinstatement of the charges where there was no sign that the prosecution was trying to harass the defendant or to judge shop and there was additional evidence, even though the additional evidence could have been introduced in the first case.

Defendant here is no more prejudiced or deprived of due process than the defendants in *McCoy* and *Vargo*. Defendant had no absolute right to be treated as a juvenile, MCL 764.1f; MSA 28.860(6), and defendant cites no authority prohibiting the prosecution

from dismissing a juvenile proceeding commenced in the probate court. The juveniles that were charged in this matter were properly treated as adults, and the circuit court has jurisdiction to try such offenders. MCL 600.606; MSA 27A.606. The dismissal of the probate court petition did not taint the subsequent circuit court proceeding, which was a proceeding that could have been initiated in the first instance.

II

Next, defendant raises four issues that address the question of what crime, if any, defendant committed. Defendant was charged with committing four counts of first-degree criminal sexual conduct involving penetration of a person under thirteen years of age, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a). There was a count with respect to each child-victim for each of the two episodes on the videotape. The jury was instructed that defendant was charged with committing the offenses or with aiding and abetting someone else in committing the offenses, MCL 767.39; MSA 28.979. An aider and abettor may be convicted and punished as if he directly committed the offense, even if the principal is not convicted. *People v Turner*, 213 Mich App 558, 568-569; 540 NW2d 728 (1995).

Under the facts of this case, the jury could have found defendant guilty as a principal. *Hack, supra* at 303. As discussed in *Hack*, defendant's culpability is direct rather than derivative. Defendant accomplished sexual penetration of a victim under the age of thirteen by forcing the three-year-old girl to perform fellatio on the one-year-old boy. As explained in *Hack*, the children were the instrumentalities through which defendant engaged in sexual penetration.

Under the foregoing reasoning, defendant's arguments about the children being so young that they were incapable of committing a crime, *Burhans v Witbeck*, 375 Mich 253, 255; 134 NW2d 225 (1965); 21 Am Jur 2d, Criminal Law, § 38, p 155, are irrelevant. Moreover, the prosecution's theory encompassed defendant aiding and abetting the other young men in committing the offenses. To the extent defendant argues that there was insufficient evidence produced at the preliminary examination to show a crime, that argument lacks merit because it is subsumed in defendant's similar challenge to his convictions. *People v Hall*, 435 Mich 599, 602-603; 460 NW2d 520 (1990).

III

In his next four issues, defendant raises arguments relating to jury instructions, admission of the videotape, and eight instances of alleged prosecutorial misconduct. With regard to the jury instructions, we deem defendant's arguments abandoned as being insufficiently briefed. *Dresden v Detroit Macomb Hosp Corp*, 218 Mich App 292, 300; 553 NW2d 387 (1996). Turning now to the videotape, we note that the same videotape was admitted at the trial of codefendant Christopher Hack and essentially the same arguments were raised and rejected in Hack's appeal. *Hack, supra* at 308-310. Our analysis and conclusion is the same as that of this Court in *Hack*. Concerning defendant's claims of prosecutorial misconduct, we find no instance where the alleged misconduct taken in context resulted in defendant being denied a fair trial. *People v Lawton*, 196 Mich App 341, 353; 492 NW2d 810 (1992).

IV

In his tenth issue, defendant challenges the circuit court's decision following a hearing pursuant to MCL 769.1(3); MSA 28.1072(3) and MCR 6.931(A) to sentence him as an adult. This Court reviews a trial court's findings of fact under a "clearly erroneous" standard, while the trial court's ultimate decision to sentence defendant as an adult is reviewed for an abuse of discretion. *People v Passeno*, 195 Mich App 91, 103-104; 489 NW2d 152 (1992).

Here, the trial court considered all the factors listed in MCR 6.931(E)(3)(a)-(f) before sentencing defendant as an adult. To the extent defendant argues to the contrary, defendant is incorrect. While the trial court had some question about whether defendant would be disruptive in a juvenile program, MCR 6.931(E)(3)(c)(ii), it was not clearly erroneous to determine that defendant would be disruptive, in light of the general nature of defendant's conduct in the past. It is clear that the trial court considered the seriousness and particular circumstances of the offense. MCR 6.931(E)(3)(a). The trial court's finding that defendant showed a repetitive pattern of offenses was supported by defendant's criminal record, which had been accumulated in a fairly short time. MCR 6.931(E)(3)(c). As the trial court found, defendant's behavior and record supported the conclusion that defendant would not be amenable to treatment in a juvenile setting. The evidence also supported the trial court's finding that it was likely that defendant would be a danger to the public if he was released before the age of twenty-one. MCR 6.931(3)(d). Although whether the juvenile system could successfully rehabilitate defendant was a disputed point at the hearing,

in light of the evidence to the contrary, including the testimony of defendant's juvenile probation officer, it was not clearly erroneous to find it unlikely that defendant would be rehabilitated in the juvenile system or that it was in the best interests of the public welfare and security to sentence defendant as an adult.

Nor did the trial court abuse its discretion in ultimately deciding to sentence defendant as an adult. Defendant's record was extensive, his crime was reprehensible, and the presentence investigation report (PSIR), a psychologist, and defendant's juvenile probation officer all recommended that defendant be sentenced as an adult.

V

Defendant's next four issues relate to sentencing. Defendant argues that it was error not to adjourn sentencing as requested by defense counsel, that there were errors in the presentence report that must be corrected, that the sentencing guidelines were incorrectly scored, and that the sentences imposed were disproportionate and excessive.

We have reviewed the denial of defendant's request to adjourn sentencing and find no abuse of discretion. *Lawton, supra* at 348. It is apparent from the record that both defendant and his counsel had an adequate opportunity to review the PSIR before sentencing. Likewise, the basis of our review of the record, we conclude that defendant's claim that error exists in the PSIR is without merit. Every alleged error was resolved by the trial court, although not always in defendant's favor. MCR 6.425(D)(3)(a). To the extent that the PSIR was not amended to reflect the changes

ordered by the trial court, we direct that those changes be made and a corrected copy of the report transmitted to the Department of Corrections, if such action has not already been taken. *People v Martinez (After Remand)*, 210 Mich App 199, 203; 532 NW2d 863 (1995).

Turning to defendant's claims of error in the scoring of the sentencing guidelines, defendant claims error in scoring both the prior record variables (PRV) and the offense variables (OV). Appellate review of guidelines calculations is limited, and a sentencing court has discretion in determining the number of points to be scored provided there is evidence on the record that adequately supports a particular score. *People v Daniels*, 192 Mich App 658, 674; 482 NW2d 176 (1992).

Here, we find no error in scoring ten points for PRV 3 (juvenile—high severity adjudication). Defendant's objection to this score is that his juvenile adjudications were invalid; however, no showing of invalidity has been made. Nor is there merit in defendant's challenge to the scoring of five points for PRV 4 (juvenile—low severity adjudications). There was ample evidence that defendant had two or three such adjudications, and it does not appear that this issue was raised below. MCR 6.429(C).

Defendant also challenges the scoring of fifteen points for OV 5 (victim carried away or held captive) and twenty-five points for OV 2 (bodily injury and/or victim subjected to terrorism). Codefendant Hack received similar scores for OV 5 and OV 2. We agree with the reasoning in *Hack, supra* at 313, regarding the scoring of OV 5, and conclude that OV 5 was correctly scored. The children were moved to a different

area of the house where the offenses were committed out of the view of the girl's mother. *People v Hernandez*, 443 Mich 1, 16; 503 NW2d 629 (1993).

We find error, however, in the scoring of OV 2. The justification for the scoring of OV 2 was that the three-year-old girl was subjected to terrorism. "Terrorism" is defined by the guidelines as "conduct that is designed to increase substantially the fear and anxiety that the victim suffers during the offense." The only evidence arguably supporting a finding of "terrorism" was that preceding the second episode the three-year-old girl was taken from her mother and was rather cruelly raised and carried by one or more of her limbs. The girl was crying when this occurred.

Despite the reprehensible nature of the conduct involved, there is no basis for finding that the conduct was designed to substantially increase the fear and anxiety of the three-year-old girl. Rather, the conduct was the means by which defendant and his accomplices moved the girl from one room to another so they could accomplish their objective of forcing an act of criminal sexual conduct. Our review of the evidence does not indicate conduct *designed* to cause the girl fear and anxiety. Rather, the young men did not care one way or another about the girl's feelings.

The *Hack* panel did not reach this issue because the scoring of this variable made no difference in light of the magnitude of Hack's total offense severity level. But subtracting the twenty-five points scored for OV 2 from defendant's total score of sixty-five points reduces defendant's offense severity level from IV to III. Accordingly, we remand to the trial court so that it can determine whether it would impose the same sentences in light of the changed guidelines.

*People v Garner*, 215 Mich App 218, 220; 544 NW2d 478 (1996). This disposition makes it unnecessary to reach defendant's argument that his sentences were disproportionate.

VI

In his fifteenth issue, defendant raises six additional arguments that he claims have the cumulative effect of being so prejudicial that they deprived him of a fair trial. While it is possible that the cumulative effect of a number of errors may constitute error warranting reversal, *People v Morris*, 139 Mich App 550, 563; 362 NW2d 830 (1984), here, defendant's briefly mentioned and largely undeveloped additional claims of error lack merit.

VII

In his final two issues, defendant argues that any proceedings on remand should be before a different judge and in a different venue. We find no basis for replacing the trial judge on remand because the record does not reflect a biased judge. The trial judge understandably found this a troubling case, but the record does not reflect any faulty view or erroneous finding that would be a concern on remand. See *People v Evans*, 156 Mich App 68, 72; 401 NW2d 312 (1986). Nor is there any reason for a change of venue.

Defendant's convictions are affirmed. This matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

G. D. LOSTRACCO, J., concurred.

NEFF, P.J., (*concurring in part and dissenting in part*). I respectfully dissent from the reasoning and

conclusions of part II of the majority opinion for the reasons expressed in my separate opinion in *People v Hack*, 219 Mich App 299, 316-318; 556 NW2d 187 (1996). I concur in the remainder of the opinion.