*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ELLIOTT GUANZALAUS-GWY SHAFFER,

Defendant-Appellant.

UNPUBLISHED
January 22, 2019

No. 340389
Wayne Circuit Court
LC No. 17-001265-01-FC

Before: LETICA, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of third-degree criminal sexual conduct (CSC-III), MCL 750.520d (multiple variables),[1] for which the trial court sentenced him to 5 to 15 years' imprisonment. The jury acquitted defendant of an additional charge of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(c) (sexual penetration during the commission of another felony). We affirm.

The jury convicted defendant of sexually assaulting a 14-year-old female in her Detroit home in 1998. The prosecution presented evidence that, in February 1998, the victim answered the telephone and a man, whom she did not know, asked for her older sisters. During the brief conversation, the victim told the caller that she was home alone. Approximately 20 minutes later, a man forced open the side door, entered the house, came up the stairs, and approached the victim as she attempted to back away. The man ultimately got on top of her and put his penis into her vagina before leaving the house. The victim reported the incident to the police and went to a hospital where a sexual assault examination was performed.

---

[1] The alternate theories for CSC-III were sexual penetration with a person between the ages of 13 and 16, MCL 750.520d(1)(a), and sexual penetration accomplished by force or coercion, MCL 750.520d(1)(b).

In 2015, defendant was identified as a suspect through the Combined Offender DNA Index System (CODIS). Forensic testing revealed that defendant's DNA matched DNA recovered from the victim's panties in 1998. The prosecution also presented evidence that defendant sexually assaulted then 13-year-old RS in 1997. At trial, defendant testified that when he was 19 years old, he had consensual sex with RS, whom he believed was 16 or 17 years old. Regarding the victim, he testified that in 1998, when he was 20 years old, he and the victim, whom he believed was 16 or 17 years old, engaged in consensual sex. He denied breaking into the victim's house and forcing himself on her. Thus, the defense conceded that defendant was guilty of the charge of CSC-III, but argued that he was not guilty of the CSC-I charge. Consistent with the defense theory, the jury convicted defendant of only CSC-III.

## I. OTHER-ACTS EVIDENCE

In his first claim, defendant challenges the trial court's decision to allow the prosecutor to present evidence that defendant had previously sexually assaulted 13-year-old RS in 1997. The evidence was admitted under MCL 768.27a(1), but defendant argues that it should have been excluded under MRE 403 because it was unduly prejudicial. We disagree.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *People v Lewis*, 302 Mich App 338, 341; 839 NW2d 37 (2013). "Preliminary questions of law, such as whether a rule of evidence or statute precludes the admission of particular evidence, are reviewed de novo[.]" *Bynum*, 496 Mich at 623.

MCL 768.27a(1) provides that "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the action more probable or less probable than it would be without the evidence. MRE 401. A defendant's propensity to commit a crime makes it more probable that he committed the charged offense. *People v Watkins*, 491 Mich 450, 470; 818 NW2d 296 (2012).

The charged offenses of CSC-I and CSC-III and the other-acts evidence qualify as listed offenses against a minor. See MCL 768.27a(2). The other-acts evidence was relevant to defendant's propensity to commit the charged offenses and assisted the jury in weighing the victim's credibility. Indeed, the defense repeatedly sought to impugn the victim's credibility, for example, by arguing that she "told that lie" about defendant breaking in and about her agreeing to have sex with him because he ejaculated inside of her and "if it's consensual, that's a problem. But if she gets pregnant, and she was raped, then that is not the same thing." Thus, the probative value of the other-acts evidence was high.

However, evidence offered under MCL 768.27a is still subject to MRE 403, which provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. MRE 403; *Watkins*, 491 Mich at 481. MRE 403 is not, however, intended to exclude evidence merely because it is "damaging" to the opponent,

because any relevant evidence will be damaging to some extent. *People v Mills*, 450 Mich 61, 75; 537 NW2d 909, mod 450 Mich 1212 (1995). Instead, it "is only when the probative value is *substantially outweighed* by the danger of unfair prejudice that evidence is excluded." *Id*. (emphasis in the original). Unfair prejudice exists where there is "a danger that marginally probative evidence will be given undue or pre-emptive weight by the jury" or "it would be inequitable to allow the proponent of the evidence to use it." *Id*. at 75-76; *People v McGuffey*, 251 Mich App 155, 163; 649 NW2d 801 (2002). When applying MRE 403 to evidence in the context of MCL 768.27a, "courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 487. Thus, "other-acts evidence admissible under MCL 768.27a may not be excluded under MRE 403 as overly prejudicial merely because it allows a jury to draw a propensity inference." *Id*. Courts should consider the following factors when deciding whether to exclude other-acts evidence under MRE 403 as being overly prejudicial:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id*. at 487-488.]

When weighing the probative value of other-acts evidence, courts should consider the extent to which the other-acts evidence supports the victim's credibility and rebuts any defense attack on the victim's credibility. *Id*. at 491-492.

Despite defendant's arguments, the first factor from *Watkins*—similarity between the other act and the charged sexual assault—weighs in favor of admissibility. Defendant's prior victim and the current victim were approximately the same age—13 and 14—when the charged sexual conduct occurred. Defendant had associations with each victim's older sister, which is how defendant ultimately connected to each girl in her home. Although the episodes were not precisely the same, with defendant allegedly breaking into the victim's house and being allowed into RS's house, each situation involved defendant's unwanted and opportunistic sexual advance against a young teen from his neighborhood when he was alone with her in her home. Regarding the temporal proximity of the other act to the charged crime, the acts occurred 11 months apart, which is not too remote as to preclude admission. See *Watkins*, 491 Mich at 487. Contrary to what defendant argues, there was a need for testimony beyond that of himself and the victim because there were no eyewitnesses to corroborate the victim's testimony that defendant broke into her house and forced sex upon her, and the other-acts evidence bolstered the victim's credibility and rebutted defendant's attacks on her credibility during trial.

Defendant makes no specific and applicable arguments that other factors listed in *Watkins* render the other-acts evidence inadmissible under MRE 403. Even if some of these factors may arguably weigh in favor of finding unfair prejudice, in total, given the highly probative value of the other-acts evidence, the probative value was not substantially outweighed by the danger of unfair prejudice. Moreover, after the conclusion of RS's testimony and in its final instructions, the trial court gave a cautionary instruction to the jury concerning the proper use of the evidence, thereby limiting any potential for unfair prejudice. Defendant asserts that RS's testimony was

untrustworthy and, therefore, unfairly prejudicial under MRE 403. However, the trial court properly instructed the jurors that they were to decide whether to believe the other-acts evidence. Given the highly probative value of the other-acts evidence, its probative value was not substantially outweighed by the danger of unfair prejudice. Accordingly, the trial court did not abuse its discretion by permitting the other-acts evidence.[2]

## II. SCORING OF OFFENSE VARIABLE 7

Defendant next argues that he is entitled to resentencing because the trial court erroneously scored offense variable (OV) 7 of the sentencing guidelines. We disagree.

Preliminarily, as the trial court acknowledged at sentencing, the former judicial sentencing guidelines applied in this case because the sentencing offense was committed before January 1, 1999. See *People v Reynolds*, 240 Mich App 250, 253; 611 NW2d 316 (2000). "Appellate review of [judicial sentencing] guidelines calculations is limited, and a sentencing court has discretion in determining the number of points to be scored provided there is evidence on the record that adequately supports a particular score." *People v Dilling*, 222 Mich App 44, 54; 564 NW2d 56 (1997). This Court reviews a sentence imposed under the judicial guidelines for an abuse of discretion. *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). "[A] given sentence can be said to constitute an abuse of discretion only if that sentence violates the principle of proportionality, which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*.

Under the judicial sentencing guidelines, defendant received a score of 15 points for OV 7, which is an appropriate score where a defendant exploits a victim's youth. Michigan

---

[2] Even if the trial court erred by allowing the other-acts evidence, we would conclude that the error would not entitle defendant to appellate relief. An error in admitting evidence is presumed to be harmless, and defendant bears the burden of proving otherwise. MCL 769.26; *People v Lukity*, 460 Mich 484, 493-495; 596 NW2d 607 (1999). We will only reverse if, " 'after an examination of the entire cause, it shall affirmatively appear' that it is more probable than not that the error was outcome determinative." *Id*. at 495-496, quoting MCL 769.26. As previously referenced, the jury found defendant guilty of CSC-III, and acquitted him of the CSC-I charge. As applicable, "[a] person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if . . . [t]hat other person is at least 13 years of age and under 16 years of age." MCL 750.520d(1)(a). At trial, the defense did not present a defense to this charged offense. Defendant testified that he had sex with the 14-year-old victim when he was 20 years old. Defendant was a match to the DNA recovered from the victim's panties. In closing argument, defense counsel stated that defendant "has admitted that he had sex with her. He's admitted that, and the DNA shows it as well . . . . So he's admitted to that. . . . it may seem hard to believe he said well, someone 14 years old wants to have sex with a guy that's 19 or 20." Given that the elements of CSC-III—defendant's only conviction—were clearly established by his own admissions, it is clear beyond a reasonable doubt that any possible inference drawn from the other-acts evidence did not cause the jury's verdict.

Sentencing Guidelines (2d), p 45; *People v Nantelle*, 215 Mich App 77, 84; 544 NW2d 667 (1996). At the time of the offense, the victim was 14 years old and defendant was 20 years old. At sentencing, consistent with his argument on appeal, defendant argued that he could not have used the victim's age to take advantage of her because he "didn't even know she was under age." In assessing 15 points for OV 7, the trial court stated: "Well, I think 15 points is appropriate not only given her age, but certainly the complainant, even when she appeared here is slight and small and appears younger than her age." Before imposing sentence, the trial court again observed that "[c]ertainly [the victim] was a young looking person, even when she testified here it's difficult to imagine that [defendant] would not have noted and/or believed that she was an adult. That is very difficult." Thus, the trial court found that the victim's age was sufficient to support the 15-point score for OV 7, and also impliedly rejected defendant's claim to be unaware of the victim's youth. Because there was sufficient evidence to support the 15-point score for OV 7, the trial court did not abuse its discretion.

Further, because OV 7 was properly scored, defendant's related claim that the trial court imposed a departure sentence that is disproportionate also fails. Under the judicial sentencing guidelines, defendant's calculated sentencing guidelines range was 24 to 60 months. Thus, in sentencing defendant to a minimum sentence of 60 months, the trial court imposed a sentence within the appropriate guidelines range. A sentence within the guidelines range is presumptively proportionate, *People v Broden*, 428 Mich 343, 354-355; 408 NW2d 789 (1987), and defendant has not cited any factors, other than his challenge to the scoring of OV 7, to overcome that presumption. Absent a showing of unusual circumstances, the presumption of proportionality of a sentence within the guidelines range cannot be overcome. *People v Daniel*, 207 Mich App 47, 54; 523 NW2d 830 (1994).

### III. DEFENDANT'S STANDARD 4 BRIEF

In a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, defendant raises additional issues challenging the effectiveness of defense counsel's assistance, the proportionality of his sentence, and the prosecutor's conduct. None of these issues have merit. Because defendant failed to raise an ineffective assistance of counsel claim in the trial court in connection with a motion for a new trial or request for an evidentiary hearing, our review of that issue is limited to mistakes apparent on the record. See *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Defendant also failed to object at trial to the prosecutor's conduct, leaving that claim unpreserved. We review unpreserved claims of prosecutorial misconduct for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

### A. EFFECTIVE ASSISTANCE OF COUNSEL

"To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013) (citation omitted). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id*. "[T]he defendant must overcome the strong presumption that counsel's assistance constituted sound trial strategy." *People v Armstrong*, 490 Mich 281, 290;

806 NW2d 676 (2011). Defendant has the burden of establishing the factual predicate of his ineffective assistance claim. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

## 1. ALLOWING THE USE OF "UNCERTIFIED DNA"

During trial, the parties stipulated on the record to the admission of the "DNA analysis," the "laboratory reports," and "the chain of custody for the sexual assault kit." Defendant now makes a cursory complaint, with no citation to the record, that defense counsel was ineffective for "allowing the use of uncertified DNA." Defendant does not, however, identify any legal ground on which defense counsel could have lodged a successful objection to the DNA evidence. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004). Consequently, this claim of ineffective assistance of counsel is abandoned. *Id.*

## 2. FAILURE TO REQUEST A SPECIFIC UNANIMITY INSTRUCTION

In his last ineffective assistance of counsel claim, defendant argues that defense counsel was ineffective for failing to request a specific unanimity instruction for the alternative CSC-III charges, making it unclear which factual basis the jury found him guilty of CSC-III, i.e., whether he engaged in sexual penetration with the victim while she was between the ages of 13 and 16, or whether he engaged in sexual penetration with the victim through force or coercion.

"Criminal defendants are guaranteed a unanimous jury verdict under the state constitution." *People v Gadomski*, 232 Mich App 24, 30; 592 NW2d 75 (1998). Therefore, trial courts are required to give general instructions on the unanimity requirement. *Id.* However, "Michigan criminal juries are not required to unanimously agree upon every fact supporting a guilty verdict." *Id.* at 31. "More specifically, it is well settled that when a statute lists alternative means of committing an offense, which means in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternate theories." *Id.*

MCL 750.520d, the CSC-III statute, provides, in relevant part:

(1) A person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if any of the following circumstances exist:

(a) That other person is at least 13 years of age and under 16 years of age.

(b) Force or coercion is used to accomplish the sexual penetration. Force or coercion includes but is not limited to any of the circumstances listed in [MCL 750.520b(1)(f)(i) to (v)].

Contrary to defendant's argument, the jurors were not required to unanimously agree on the specific aggravating circumstance that formed the basis for his CSC-III conviction. The alternative theories each relate to a single element of the offense, and are merely different ways

-6-

of establishing the one element. In other words, under the relevant statutory provision, there is no requirement that each juror agree on whether defendant engaged in sexual penetration with the victim while she was between the ages of 13 and 16, or whether he engaged in sexual penetration with her through force or coercion. The jury's verdict indicates that it unanimously found defendant guilty of CSC-III. Thus, defendant was properly convicted of CSC-III, even if the jurors believed that he accomplished the offense by different means. Because the general unanimity instruction was sufficient, defense counsel was not ineffective for failing to request a specific unanimity instruction. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

## B. PROPORTIONALITY OF SENTENCE

Defendant next argues that his sentence is disproportionate to the offense and the offender. As discussed in Section II, *supra*, because the trial court imposed a minimum sentence within the appropriate guidelines range, the sentence is presumptively proportionate. See *Broden*, 428 Mich at 354-355. The factors cited by defendant in this additional argument, namely, his lack of committing another offense against a minor, the fact that he was not given the opportunity to plead to CSC-III, the fact that his identity was not discovered until 2016, his claim that he did not know the victim's age at the time of the sexual assault, and his belief that "the punishment requirement has been met," are not unusual circumstances that overcome the presumption of proportionality. Further, defendant's argument in favor of a lower guidelines range by claiming that the trial court's score of 10 points for prior record variable (PRV) 7 is "invalid" also fails. Under the judicial sentencing guidelines, 10 points should be scored for PRV 7 if the defendant has "1 subsequent/concurrent conviction." Michigan Sentencing Guidelines (2d ed, 1988), p 43. The instructions for PRV 7 provide that the court is to "[s]core the appropriate point value when the offender is convicted of multiple felony counts or is convicted of a felony subsequent to the commission of the instant offense." *Id.* Defendant was convicted of attempted carrying a concealed weapon in 2012. Because the conviction occurred subsequent to the commission of the charged offense, which occurred in 1998, the 10-point score for PRV 7 was not "invalid." Defendant's sentence is proportionate.

## C. PROSECUTOR'S CONDUCT

Lastly, in a claim is related to defendant's argument in Section III(A)(1), *supra*, defendant argues that the prosecutor engaged in misconduct when she "used DNA that was not certified by a Doctor or medical professional[.]" As previously referenced, the parties stipulated on the record to the admission of the "DNA analysis," the "laboratory reports," and "the chain of custody for the sexual assault kit." The parties proceeded according to those stipulations throughout trial. Thus, defendant has waived appellate review of his substantive claim that the prosecutor engaged in misconduct by using the DNA evidence during the proceedings. "[A] defendant should not be allowed to assign error on appeal to something his own counsel deemed proper at trial. To do so would allow a defendant to harbor error as an appellate parachute." *People v Green*, 228 Mich App 684, 691; 580 NW2d 444 (1998). Defendant's waiver extinguishes any error. *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000). Even if this claim of error was not waived, defendant has not provided any proper analysis supporting it. As noted earlier, a defendant is required to do more than merely announce his position and leave

it to this Court to discover and rationalize the basis for his claims. *Kelly*, 231 Mich App at 640-641. Consequently, defendant is not entitled to any relief on this basis.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Patrick M. Meter