*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ABEL NODARSE,

        Defendant-Appellant.

UNPUBLISHED
August 11, 2022

No. 356870
Kent Circuit Court
LC No. 16-001622-FC

Before: RICK, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his jury-trial convictions of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(f), and one count of assault by strangulation, MCL 750.84(1)(b). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 30 to 60 years for one CSC-I conviction and 25 to 60 years for the assault-by-strangulation conviction, and a consecutive prison term of 30 to 60 years for the second CSC-I conviction. The trial court awarded defendant 865 days' credit for time served. We affirm.

## II. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant previously appealed by right his convictions and sentences. *People v Nodarse*, unpublished per curiam opinion of the Court of Appeals, issued October 22, 2019 (Docket No. 344865). This Court's opinion in the previous appeal summarized the underlying facts and procedural history of this case:

> Defendant sexually assaulted a female victim (BE) at a party on the evening of February 6, 2016. During the party, he entered a room with BE, refused to let her leave the room, pushed her onto the bed, and began strangling her. As he did

---

[1] *People v Nodarse*, unpublished order of the Court of Appeals, entered June 16, 2021 (Docket No. 356870).

so, he sexually assaulted her. This occurred for roughly an hour before one of BE's friends walked into the room.

After the police were called, BE stated to the responding officer that defendant had inserted both his penis and a finger into her. A sexual assault nurse examiner (SANE) examined BE and found no trauma to the vaginal area. However, the SANE observed significant damage to BE's neck and a number of other injuries, including scratches near her pelvic area and lower stomach. BE did not describe any digital penetration to the SANE. The SANE also collected DNA swabs from BE's vagina. Subsequent testing of those swabs revealed the presence of defendant's DNA.

Defendant was charged with two counts of CSC-I (one count for penile penetration and one count for digital penetration) and one count of assault by strangulation. Before trial, defendant pleaded guilty to one count of CSC-I and one count of assault by strangulation. The trial court sentenced defendant to concurrent terms of 30 to 60 years for the CSC-I conviction and 6 to 10 years for the assault conviction. However, defendant later moved to withdraw his plea, noting that the trial court had not informed him of the lifetime electronic monitoring he would face by pleading guilty to CSC-I. During the hearing on defendant's motion, the trial court specifically recognized and informed defendant of its discretion to impose consecutive sentences if he were to be convicted of multiple CSC-I charges. The prosecution also warned defendant that the trial court could impose consecutive sentences. Finally, defense counsel explained consecutive sentencing to defendant on the record and stated that he had discussed with defendant the risks of withdrawing his plea. Notwithstanding these warnings, defendant indicated that he wished to withdraw his plea; the trial court granted defendant's motion and the case proceeded to trial. [*Id*. at 1-2.]

The jury convicted defendant on all three counts. *Id*. at 2. The trial court sentenced defendant as described. At sentencing, defendant was represented by counsel, who objected to certain scoring variables and offered comments on defendant's behalf.

Defendant appealed his conviction and sentence, arguing in part that the trial court's imposition of consecutive sentences had resulted in a disproportionate sentence. *Id*. at 7. This Court declined to reach that issue because it remanded the case to the trial court "for the articulation of reasons for imposing consecutive sentences or for resentencing." *Id*. at 9-10.

On remand, defendant moved the trial court for resentencing. Defendant states on appeal that he filed a sentencing memorandum with the trial court that put forth reasons why consecutive sentences were not appropriate in this matter; however, no such memorandum appears in the lower court record and the copy attached to defendant's application for leave to appeal does not bear a stamp or other indication that it was filed with the trial court. Without explicitly addressing defendant's motion or any sentencing memorandum, and without holding a resentencing hearing, the trial court entered into the record a document entitled Explanatory Memoranda – Articulation of Reasons for Consecutive Sentencing. In the memorandum, the trial court addressed various reasons for imposing consecutive sentences; these included the lack of remorse shown by

defendant, the unlikelihood of rehabilitation based on defendant's criminal history, the fact that a child was present and witnessed the crime, and defendant's attempt to manipulate a witness by instructing a witness to lie to police.

This appeal followed.

## III. RIGHT TO COUNSEL

Defendant argues that he was denied his right to counsel at sentencing because the trial court's explanatory memorandum did not provide any indication that the trial court considered his sentencing memorandum, and because defendant was not otherwise able to present arguments regarding consecutive sentencing. We disagree. We review de novo constitutional issues. *People v Idziak*, 484 Mich 549, 554; 773 NW2d 616 (2009).

Defendant's argument is based on a misunderstanding of the procedural posture of this matter following this Court's remand to the trial court. "The power of the lower court on remand is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court." *People v Fisher*, 449 Mich 441, 446-447; 537 NW2d 577 (1995). This Court remanded this matter to the trial court "for the articulation of reasons for imposing consecutive sentences *or* for resentencing." Therefore, the trial court had the option of *either* articulating the reasons for imposing consecutive sentences *or* resentencing defendant. In this case, the trial court chose the former option and issued an explanatory memorandum that addressed its reasons for imposing consecutive sentences. The trial court was not required to, and did not, resentence defendant. Defendant was therefore not denied representation during sentencing, and reversal on this ground is not required.

## IV. PROPORTIONALITY OF CONSECUTIVE SENTENCES

Defendant also argues that the trial court abused its discretion when it imposed a sentence for Count 2, CSC-I (digital penetration), that was consecutive to the sentence imposed for Count 1, CSC-I (penile penetration). We disagree.

This Court reviews for an abuse of discretion a trial court's decision regarding the imposition of discretionary consecutive sentences. *People v Norfleet*, 317 Mich App 649; 664; 897 NW2d 195 (2016). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008). This Court reviews for clear error a trial court's findings of fact at sentencing. *People v Dilling*, 222 Mich App 44, 52; 564 NW2d 56 (1997). "Clear error occurs if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018) (quotation marks and citation omitted).

"In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012) (quotation marks and citation omitted). Our Supreme Court has described the imposition of consecutive sentences as "strong medicine." *People v Chambers*, 430 Mich 217, 231; 421 NW2d 903 (1988).

MCL 750.520b pertains to criminal sexual conduct in the first degree and specifically authorizes consecutive sentencing. Under this statute, the trial court "may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." MCL 750.520b.

MCL 769.34(10) provides the following directive to this Court for minimum sentences that are within the sentencing guidelines:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

"[A] proportionality challenge to a given sentence must be based on the individual term imposed and not cumulative effect of multiple sentences." *Norfleet*, 317 Mich App at 663. "[T]he combined term [of consecutive sentences imposed] is not itself subject to a proportionality review." *Id*. at 664.

"A sentencing court cannot base a sentence even in part on a defendant's refusal to admit guilt." *People v Dobek*, 274 Mich App 58, 104; 732 NW2d 546 (2007), lv den 480 Mich 897 (2007). "However, evidence of a lack of remorse can be considered in determining an individual's potential for rehabilitation." *Id*.; see also *People v Houston*, 448 Mich 312, 323; 532 NW2d 508 (1995).

> To determine whether sentencing was improperly influenced by the defendant's failure to admit guilt, this Court focuses on three factors: "(1) the defendant's maintenance of innocence after conviction; (2) the judge's attempt to get the defendant to admit guilt; (3) the appearance that had the defendant affirmatively admitted guilt, his sentence would not have been so severe." [*Dobek*, 274 Mich App at 104, quoting *People v Wesley*, 428 Mich 708, 713; 411 NW2d 159 (1987).]

In this case, the trial court sentenced defendant as a fourth-offense habitual offender. The sentencing guidelines for each of defendant's two CSC-I convictions ranged from $22^1/_2$ years to 75 years. The trial court's sentence of 30 years for each CSC-I conviction was within the sentencing guidelines range, and defendant does not argue that either of these sentences departed from the sentencing guidelines or that the trial court erred in calculating the sentencing guidelines. Instead, defendant argues that the trial court abused its discretion by imposing a sentence for Count 2, CSC-I (digital penetration), that was consecutive to the sentence imposed for Count 1 (CSC-I (penile penetration). We disagree.

The trial court provided four reasons for imposing consecutive sentences: (1) lack of remorse; (2) unlikelihood of rehabilitation and misconduct while in custody; (3) the presence of a

child during the sexual assault; and (4) attempted witness manipulation. On appeal, defendant only challenges the first reason (lack of remorse) and the fourth reason (attempted witness manipulation). Defendant does not put forth any argument regarding the second reason (unlikelihood of rehabilitation and misconduct while in custody) or the third reason (the presence of a child during the sexual assault).

Defendant argues that by considering defendant's "lack of remorse" as one of the reasons for imposing consecutive sentences, the trial court actually punished defendant for refusing to admit guilt. This argument is not supported by the record. After his convictions, but before he was sentenced, defendant submitted a handwritten letter to the trial court in which he maintained that he was innocent, along with a list of grievances about how the case unfolded. In the trial court's memorandum, it explicitly acknowledged that it could not base its sentence on a refusal to admit guilt, and it stated that it was not penalizing defendant for his refusal to admit guilt. Although defendant generally implies that the trial court erred by punishing him for maintaining his innocence, defendant does not provide any analysis of relevant caselaw or how it relates to this issue. When a defendant has not offered any meaningful analysis of the relevant facts and law, this Court will treat the claim as abandoned on appeal. See *People v Martin*, 271 Mich App 280, 315; 721 NW2d 815 (2006), aff'd in part 482 Mich 851 (2008). Therefore, defendant has abandoned the argument that his refusal to admit guilt improperly influenced the sentence. See *id*.

Even if this argument were not abandoned, defendant has not established that the sentencing was improperly influenced by defendant's failure to admit guilt. Defendant has satisfied the first *Wesley* factor: that he maintained his innocence after conviction. See *Wesley*, 428 Mich at 713. However, under the second *Wesley* factor, defendant has not directed this Court to any attempts by the sentencing judge to get defendant to admit guilt. See *id*. Furthermore, defendant has not established that there is an appearance that, had defendant affirmatively admitted guilt, his sentence would have been less severe. See *id*. Defendant has therefore failed to establish any error in this regard.

Defendant also argues that the trial court erred when it found that he had attempted to manipulate a witness. Although not named in the trial court's memorandum, Yadira Martinez testified at trial that, after she witnessed the assault, defendant told her to help him by lying to the police. Thus, although these allegations do not appear in the Presentence Investigation Report (PSIR), there was evidence at trial of defendant's attempts to convince a witness to lie to police. Defendant has not cited any authority to support his argument that the trial court cannot rely on evidence presented at trial and can only rely on evidence that is contained in the PSIR or the sentencing transcript. The trial court did not clearly err when it found that defendant had instructed a witness to lie to police. See *Dilling*, 222 Mich App at 52.[2]

---

[2] Defendant has cited no authority, and has presented no detailed argument, in support of his one-sentence contention that his attempt at manipulating a witness would more appropriately have been included as part of an offense variable scoring (rather than as a reason for consecutive sentencing). That argument is therefore abandoned, and we decline to consider it. See *Martin*, 271 Mich App at 315.

Defendant has failed to establish any error with regard to the trial court's stated reasoning in support of its imposition of consecutive sentences. Further, to the extent that defendant argues that the cumulative effect of his consecutive sentences creates a disproportionate sentence, that argument is unpersuasive.[3] The caselaw is clear that "a proportionality challenge to a given sentence must be based on the individual term imposed and not cumulative effect of multiple sentences." *Norfleet*, 317 Mich App at 663. "[T]he combined term [of consecutive sentences imposed] is not itself subject to a proportionality review." *Id*. at 664.

Defendant has not established that the trial court abused its discretion when it imposed consecutive sentences. *Norfleet*, 317 Mich App at 649. Nor has defendant established any error in the procedure followed by the trial court in complying with our remand order.

Affirmed.

/s/ Michelle M. Rick
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien

---

[3] In the first appeal in this case, this Court deemed abandoned any challenge by defendant to the proportionality of his sentence for his conviction of Count 2 based on a lack of evidence because defendant failed to support the argument with facts or law. *Nodarse*, unpub op at 8. The Court already dealt with this issue in the first appeal; therefore, we need not address it again in the current appeal.